## Superior Coal and Mining Company v. Frank Kaiser.

VERDICT—*when not disturbed.* A verdict based upon conflicting evidence will not be disturbed as against the weight of the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed March 15, 1907.

SCHAEFER & FARMER, for appellant.

WEBB & WEBB, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair county, by appellee against appellant, to recover for a personal injury sustained by appellee while engaged in the service of appellant as a coal miner in its mine. Trial by jury. Verdict and judgment in favor of appellee for $1,000.

The declaration consists of one count as follows:

"For that, whereas, the defendant, on, to-wit: the 4th day of November, A. D. 1905, at the County and State aforesaid, was possessed of and operating a certain coal mine, and was then and there engaged by its agents and servants, in the mining and removing of coal therefrom.

"And plaintiff avers that the defendant was, on said date, and had been for some time prior thereto, driving a fifth west entry and a sixth west entry in said mine, said entries running parallel, as well as also opening other entries and cross-cuts therein.

"And plaintiff avers that said fifth west entry was being developed and driven in advance of said sixth west entry, and that the defendant, by order of its pit boss or manager, directed the servants of defendant to drive a cross-cut from the fifth west entry, in advance of the sixth west entry, intended to connect said entries.

"And plaintiff avers that he was on the said date and had been for some time prior thereto in the employ of the defendant, in and at the face of the said sixth west entry, and it was then and there his duty under said employment to load coal into boxes at the face of said entry.

"And plaintiff avers that the defendant negligently and carelessly failed to exercise reasonable care and caution to provide him with a reasonably safe place in which to perform his said work; but, on the contrary, carelessly and negligently directed, allowed and permitted said cross-cut to be developed in advance of, and so close to the rib and face of the said sixth west entry, as to loosen, crack and weaken the rib and face of the said sixth west entry at the point where the plaintiff was at work, of which fact the defendant had

notice, or by the exercise of due care and caution might have known of it.

"And plaintiff avers that on the day and year aforesaid, while he was loading coal into cars at the face of the said sixth west entry, near where said cross-cut was intended to intersect and connect with said sixth west entry, and while in the exercise of due care and caution for his own safety, and without notice of any danger in his situation and without any knowledge of the cracked, loose and dangerous condition of the said rib and working face, made so by the said cross-cut being driven as aforesaid, a lot of coal fell from the face and rib of said entry down upon and against the plaintiff, greatly cutting and wounding divers parts of his body, and permanently injuring him.

"And plaintiff avers that his injuries are directly attributable to the carelessness and negligence of the defendant in failing to exercise reasonable care and caution to provide the plaintiff with a reasonably safe place in which to work, and negligently and carelessly allowing said cross-cut to be driven so close to the rib and face of the said sixth west entry as aforesaid; and that on account of his injuries he has suffered great pain in body and in mind, and has lost and will still lose the profits of his labor."

To this declaration appellant pleaded the general issue.

No question is raised on this appeal as to the rulings of the trial court with respect to the admission or the rejection of evidence, nor with respect to the giving or the refusing of instructions. Counsel for appellant say: "The charge in the declaration is that appellant failed to exercise reasonable care to furnish appellee a reasonably safe place in which to work, and that 'it carelessly and negligently directed, allowed and permitted said cross-cut to be developed in advance of, and so close to the rib and face of the sixth west entry as to loosen, crack and weaken the rib and face of the entry,' and that in consequence of allowing 'said cross-cut to be driven so close to the rib and face of the sixth west entry' appellee was injured, and that appellant knew, and appellee did not know that such condition existed." And counsel

contend that the "evidence in this case fails to support the allegations."

We have examined and considered the evidence in the light of counsel's suggestions and arguments with respect thereto, and are unable to agree with counsel in their view of it. It is true the evidence is conflicting and contradictory, but when it is all considered together, we are not warranted in holding that it does not support the declaration. The jury were the judges of the credibility of the witnesses, the weight of the evidence, and of every question involved in this appeal, and the state of the evidence is not such as to justify us in interfering with their verdict.

The judgment of the Circuit Court is affirmed.

*Affirmed.*